UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X    INDEX # 25-CV-01444(DG)(TAM)
WILLIAM ROJO, on behalf of
Himself, FLSA Collective
Plaintiffs, and the Class,

                    Plaintiff,


          -against-                              **ANSWER**

                                           **JURY TRIAL DEMANDED**


WOODSIDE AUTO PARTS LLC d/b/a
WOODSIDE AUTO PARTS, and DAVID
MYONES,

                    Defendants.
------------------------------X


        The Defendants, WOODSIDE AUTO PARTS LLC d/b/a WOODSIDE

AUTO PARTS ("Woodside"), and DAVID MYONES ("Myones") by their

attorney, Gary Schoer, Esq., as and for their Answer to the

Complaint of the Plaintiff, respectfully state the following:


                        **INTRODUCTION**

        1.    Deny the allegations set forth in paragraphs 1, 2

and 3 of the Plaintiff's Complaint, submit that the instant action

by the Plaintiff pursuant to the Fair Labor Standards Act and the

New York Labor Law is not maintainable against the named Defendants

and submit, further, that there exist no other members of any class

which could maintain an action against the Defendants pursuant to

the Fair Labor Standards Act or the New York Labor Law or the

                             1

Federal Insurance Contribution Act.

### JURISDICTION AND VENUE

2.    Deny those allegations set forth within paragraphs 4 and 5 of the Plaintiff's Complaint, except admit that if the instant action is maintainable and if this Court has jurisdiction over any of the claims herein, venue in this District (EDNY) would be proper.

### PARTIES

3.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Plaintiff's Complaint.

4.    Deny the allegations set forth in paragraphs 9, 10, 11, 12, 13 and 14 of the Plaintiff's Complaint.

### COLLECTIVE ACTION AND RULE 23 CLASS ALLEGATIONS

5.    Deny knowledge or information sufficient to form a belief as to the allegations sent forth in paragraphs 15 and 18 of the Plaintiff's Complaint.

6.    Deny the allegations set forth in paragraphs 16, 17, 19, 20, 21, 22, 23, 24, 25 and 26 of the Plaintiff's Complaint.

### FACTUAL ALLEGATIONS

7.    Deny the allegations set forth within paragraphs 27,

28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 42, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55 and 56 of the Plaintiff's Complaint.

8. Refer all questions and issues of law to the Court in response to that set forth in paragraphs 40, 41, 43 and 44 of the Plaintiff's Complaint.

9. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 57 of the Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S FIRST CLAIM FOR RELIEF

10. The Defendants repeat and restate each and every responsive allegation set forth within Paragraphs 1 through 9 of this Answer with the same force and effect as though set forth herein in their entirety in response to paragraph 58 of the Plaintiff's Complaint.

11. Deny each and every allegation set forth within paragraphs 59, 60, 62, 64, 65, 66, 67 and 68 of the Plaintiff's Complaint.

12. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 63 of the Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S SECOND CLAIM FOR RELIEF

13. The Defendants repeat and restate each and every

3

responsive allegation set forth within paragraphs 1 through 12 of this Answer with the same force and effect as though set forth herein in their entirety in response to paragraph 69 of the Plaintiff's Complaint.

14.  Deny those allegations set forth within paragraphs 70, 71, 72, 73, 74, 75, 76 and 77 of the Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S THIRD CLAIM FOR RELIEF

15.  The Defendants repeat and restate each and every responsive allegation set forth within paragraphs 1 through 14 of this Answer with the same force and effect as though set forth herein in their entirety in response to paragraph 78 of the Plaintiff's Complaint.

16.  Refer all questions and issues of law to the Court in response to that set forth in paragraph 79 of the Plaintiff's Complaint.

17.  Deny those allegations set forth within paragraphs 80 and 81 of the Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S FOURTH CLAIM FOR RELIEF

18.  The Defendants repeat and restate each and every responsive allegation set forth within paragraphs 1 through 17 of this Answer with the same force and effect as though set forth

4

herein in their entirety in response to paragraph 82 of the Plaintiff's Complaint.

19. Refer all questions and issues of law to the Court in response to that set forth in paragraph 83 of the Plaintiff's Complaint.

20. Deny those allegations set forth within paragraphs 84 and 85 of the Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

21. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted as against any Defendant.

**SECOND AFFIRMATIVE DEFENSE**

22. Defendants had, and have, no intention to violate any provision of the Fair Labor Standards Act and/or New York Law and/or the Federal Insurance Contribution Act. Therefore, Defendants did not, and are not, willfully violating the Law.

**THIRD AFFIRMATIVE DEFENSE**

23. The Plaintiff and the purported others allegedly similarly situated who he seeks to represent, if ever employed by the Defendants, were exempt from all or part of any overtime and/or minimum wage pay requirements of the Fair Labor Standards Act and New York Law.

**FOURTH AFFIRMATIVE DEFENSE**

24. Defendants have acted in a good faith belief that

5

they are and were complying with all applicable provisions of the Law.

## FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims, and those of the purported others allegedly similarly situated who he seeks to represent, are barred, in whole or in part, by the applicable statute of limitations and/or filing periods.

## SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff lacks standing to sue on behalf of the purported others similarly situated.

## SEVENTH AFFIRMATIVE DEFENSE

27. The allegations in the Complaint do not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure or under New York Law.

## EIGHTH AFFIRMATIVE DEFENSE

28. The Defendant, Myones, is not an employer within the meaning of the Law.

## NINTH AFFIRMATIVE DEFENSE

29. Plaintiff and the purported others allegedly similarly situated who he seeks to represent, if ever employed by the Defendants, have, at all times, been paid in compliance with Law.

## TENTH AFFIRMATIVE DEFENSE

30. The claims are barred, in whole or in part, by the

doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

31.  To the extent the Plaintiff or any purported others allegedly similarly situated that he seeks to represent, has suffered injury, which is denied, that injury is the result of acts or omissions of the Plaintiff and/or such purported others, and not any act or omission of the Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

32.  The Plaintiff's monetary claim, and the monetary claims of the purported others allegedly similarly situated that he seeks to represent, is barred in whole or in part by the failure to mitigate damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

33.  The Plaintiff's demand for liquidated and/or punitive damages renders this action inappropriate for treatment as a class action.

### FOURTEENTH AFFIRMATIVE DEFENSE

34.  At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and or malicious manner or with reckless disregard of the applicable laws.

### FIFTEENTH AFFIRMATIVE DEFENSE

35.  Plaintiff's claims, and the claims of any purported other allegedly similarly situated that he seeks to represent, are barred, in whole or in part, by the doctrines of laches, delay,

7

waiver, estoppel, acquiescence, accord and satisfaction, offset, setoff and/or excuse.

### SIXTEENTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred, in whole or in part, by misconduct on Plaintiff's part and/or unsatisfactory job performance.

### SEVENTEENTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims, and the claims of any purported other allegedly similarly situated that he seeks to represent, are barred as the Plaintiff and any such individuals, if ever employed by the Defendants, have each ratified the activities of the Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims, and the claims of any purported other allegedly similarly situated that he seeks to represent, if ever employed by the Defendants, are barred in whole or in part because the work alleged to be unpaid is not compensable time under the applicable laws.

### NINETEENTH AFFIRMATIVE DEFENSE

39. The types of claims alleged by the Plaintiff on behalf of himself and on behalf of the purported others allegedly similarly situated that he seeks to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for

collective or class action treatment.

## TWENTIETH AFFIRMATIVE DEFENSE

40. The claims of the Plaintiff, and of any purported others allegedly similarly situated that he seeks to represent, if ever employed by the Defendants, are barred in whole or in part by the knowing and voluntary, express or implied, agreement to and participation in the compensation agreement(s), arrangement(s), plan(s), and/or scheme(s), which is now claimed to be illegal.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

41. The claims of the Plaintiff, and of any purported others allegedly similarly situated that he seeks to represent, are barred in whole or in part because such claims have been released, waived, discharged, and/or abandoned.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

42. The damages recoverable, if at all, do not exceed the amount of $150,000.00 exclusive of interest and costs, and pursuant to Local Rule 83.10, the case should be referred to arbitration.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

43. Defendants were not engaged in interstate commerce within the meaning of the law.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the Defendants demand a trial by jury of all issues.

WHEREFORE the Defendants demand Judgment dismissing the Plaintiff's Complaint with the costs and expenses of this action including reasonable attorney's fees and granting such other and further relief as the Court deems just and proper.

Dated:    Syosset, New York
          May 30, 2025

                                    Yours, etc.

                                    _____
                                    GARY SCHOER, ESQ.
                                    *Attorney for Defendants*
                                    6800 Jericho Turnpike, Suite #108W
                                    Syosset, New York 11791
                                    (516) 496-3500


To:   C.K. LEE, ESQ.
      LEE LITIGATION GROUP, PLLC
      *Attorneys for Plaintiff*
      148 W. 24th Street, 8th Floor
      New York, New York 10011
      **(Via ECF)**